Argued January 13, decided February 3, 1914.

# SALEM BREWERY ASSN. *v.* CITY OF SALEM.

(138 Pac. 255.)

**Intoxicating Liquors—Power to Prohibit Sale—Home Rule Amendment.**

1. The home rule amendment to the Constitution, giving municipalities the exclusive power to license, control and prohibit the sale of intoxicating liquors, except that it shall be subject to the provisions of the local option law, does not give the people, in a local option election, power to compel a city to license the sale of liquors, and, notwithstanding a vote against prohibition, the city may, either through its council or by initiative, prohibit the sale.

**Intoxicating Liquors—Local Option—Statutory Provisions.**

2. Under Laws of 1913, page 505, amending Section 4938, L. O. L., giving the County Court power to license the sale of liquors outside of municipalities only in case of clubhouses with 50 members or hotels of 50 guest capacity, local option has no application outside of municipalities, except to prevent the licensing of clubhouses and hotels in the country.

[As to application of statute regulating liquor traffic to *bona fide* social club distributing liquor to members, see note in Ann. Cas. 1912A, 1088.]

From Marion: WILLIAM GALLOWAY, Judge.

This is a suit by the Salem Brewery Association, a corporation, against the City of Salem, a municipal corporation, and Charles F. Elgin, as city recorder of the City of Salem. From a decree in favor of plaintiff, defendants appeal. The facts are set forth in the opinion of the court.    REVERSED: SUIT DISMISSED.

For appellants there was a brief, with oral arguments by *Mr. Isaac H. Van Winkle, Mr. Rollin K. Page* and *Mr. Harold D. Roberts.*

For respondent there was a brief over the names of *Messrs. Carson & Brown, Messrs. McNary, Smith & Shields* and *Messrs. Slater & Pogue,* with oral arguments by *Mr. John A. Carson, Mr. John H. McNary* and *Mr. Woodson T. Slater.*

In Banc.    MR. JUSTICE EAKIN delivered the opinion of the court.

This is a suit brought to enjoin the city from submitting to the voters a charter amendment, adding a new section (No. 2a) prohibiting the sale of intoxicating liquors in Salem; and to have declared void the city election held on December 1, 1913. The record is very meager as to the situation. The proposed amendment is not set out. The election, as we understand it, was the regular city election at which the city officers were elected; some amendments to the charter being proposed by the initiative. Issues are here made with reference to the proposed amendment of the charter only, the substance of which is set out in the record; and the decree from which the appeal is taken holds the election void as to that amendment. By the complaint the power of the city or of the electors therein to amend the charter to prohibit the sale of intoxicating liquors, except for certain purposes men-

tioned, is questioned by the plaintiff, for the reason that such an amendment would be in violation of the local option law.

1. By the home rule amendment to the Constitution, a municipality has the exclusive power to license, control and prohibit the sale of intoxicating liquors, except it shall be subject to the provisions of the local option law. This does not mean that by the local option election the people have power to compel a city to license the sale of liquors. Such an election determines only whether it shall be prohibited from licensing the business; but, if the vote results against prohibition, no order can be issued by the County Court either as to the sale or prohibition of the sale of liquors, that is, as to the sale of intoxicating liquors, the city is left as it was before any such election, with the power to prohibit vested in the city. That power granted to the city, if there had been no local option election resulting in prohibition, is invested in the council in the first instance, but not to the exclusion of the people. That is a subject on which the municipality may legislate if it desires prohibition. When the council refuse to prohibit, the people may so provide by ordinance or in their charter, not as a local option proceeding, but as an initiative measure. The local option law imposes no restraint thereon, and is in no sense exclusive. It was intended to give to the people power in themselves to prohibit in the localities that otherwise were helpless in the matter of the sale of liquors. Prior to the local option law, the County Courts were authorized to license saloons in any locality outside of the municipality, and the municipality had the same power within its territory, in regard to which the people had no voice. In municipalities that restriction is now removed by the adoption of the initiative; the voters of the municipality within its territory having the same power of legislation in local matters as

the legislature or the people of the state have in state-wide affairs.   Furthermore, the local option law only suggests a means by which the people can force prohibition, but it cannot be used to force the issuance of licenses.   No provision is contained in the local option law whereby local option can be established for a longer time than two years.   While it is in the power of the city by the home rule amendment to the Constitution to prohibit the sale of intoxicating liquors independently of the local option statute, that power is not alone in the council, but in the people also; and the clause in the home rule amendment that the city's control of the sale of liquors shall be subject to local option means subject to the right of the people to vote prohibition, and does not prevent the council of the city from prohibiting sales of liquor.

2. Under a statute adopted by the legislature in 1913 (laws of that year, p. 505), the County Court has no power to license the sale of liquor except in the case of clubhouses with 50 members or hotels of 50 guest capacity outside of municipalities.   Therefore, local option now has no application outside of municipalities, except to prevent the licensing of clubhouses and hotels in the country.   The local option law was enacted before we had in the cities the power of legislation by initiative.   With that power prohibition can be as readily adopted therein as by local option, and that method is not in any way inconsistent with or in violation of the proceedings by local option.   It is a power the voters of the cities have independently of local option.   They are supreme within the city so long as they do not violate the Constitution or any general statute of the state.

The only other question presented relates to the qualifications of voters at said election and the necessity for their registration, which is determined against the plaintiff by the decision in *Wiley* v. *Reasoner, ante,*

p. 103 (138 Pac. 250), this day filed, which is controlling in this case.

The decree of the lower court is reversed and the suit is dismissed.          REVERSED: SUIT DISMISSED.